## Bowser v. King

*W. J. Whieldon*, for plaintiff; *M. L. McBride*, for defendant.

McLAUGHREY, P. J., December 30, 1931.—I. E. Bowser, the plaintiff, brought suit against M. L. King before Thomas McClain, Jr., a justice of the peace. On April 25, 1931, judgment was given for the plaintiff in the sum of $150 and costs. On May 9, 1931, the defendant appealed. The transcript contains the following:

"Now, May 9, 1931, defendant appeals. Bail justified. I am held in the sum of $300 as bail absolute in this case, conditioned for the payment of all costs accrued, or may be legally recovered against the appellant.

                              "M. L. KING
                              "A. F. MYERS"

The transcript also contains the following:

"M. L. King being duly sworn according to law deposes and says that the appeal in the within case is not taken for delay, but because deponent verily

believes that he will be compelled to pay more than is justly due, if the judgment be carried into effect."

On June 19, 1931, the plaintiff, by his attorney, moved the court to strike from the record the appeal entered by the defendant on the following grounds:

1. Appellant at the time of taking the appeal did not make affidavit in writing that the said appeal is not for delay but because he verily believes that injustice has been done.

2. Appellant at the time of taking his appeal failed to give such bail as is required by the act of assembly.

To the rule granted by the court to show cause why the appeal should not be stricken off, the plaintiff, on July 2, 1931, filed an answer, alleging that the words used in the affidavit are a substantial compliance with the Act of Assembly of March 25, 1903, P. L. 61, and, the appellant having executed bail in the sum of $300 as bail absolute, being double the amount of the judgment before the justice of the peace, this is substantially in compliance with the Act of Assembly of April 19, 1901, P. L. 84; and also claiming if the plaintiff is not satisfied with the bail, it is incumbent on him to take a rule on appellant to perfect the bail. At the same time the defendant filed a petition to amend the affidavit on appeal, to perfect appeal and to perfect bail, by having the affidavit on appeal duly signed nunc pro tunc by M. L. King, according to law, deposing and saying that the appeal taken is not for the purpose of delay, but because he verily believes injustice has been done and that the bail absolute be also entered nunc pro tunc as follows:

"I hereby become bail absolute in this case in the sum of $300 conditioned for the payment of debt, interest and costs that have accrued or may accrue upon the final determination of this suit, and that appellant will prosecute his appeal with effect."

The plaintiff filed an answer on July 8, 1931, denying the right of defendant to change or amend the affidavit or amend or change the bail.

It appears that both the appeal with bail and the affidavit were made on a printed form provided by the justice of the peace. As to the affidavit, we are inclined to believe that there has been a substantial compliance with the act of assembly and approve the decision in the case of Dunlap v. Chipps, 12 Dist. R. 147. In that case, the affidavit was as follows:

"That the appeal entered in this case is not for the purpose of delay, but that if the proceedings appealed from are not removed, the appellant will be required to pay $25 more money than is justly due."

In that case, Judge McIlvaine, of Washington County, says:

"The affidavit for appeal filed by the defendant with the justice of the peace is not in 'the words' of the act of assembly, but in the forum of conscience there could be no denial that the defendant had taken the oath prescribed by the act. The trial before the justice was without a jury, and the appeal is to the forum where the cause will be tried by a jury, and this court ought not to be astute in finding reasons to deprive the defendant of his right of trial by jury, but, on the contrary, ought to refuse the plaintiff's motion to strike off the appeal, at least until the defendant has had an opportunity to amend his affidavit."

The court then refused to make the rule absolute for the reasons:

1. That the irregularity in the appellant's affidavit is not one of substance.

2. That the appeal should not be stricken off without giving the appellant an opportunity to perfect his appeal by having corrected a mistake evidently made by the justice who made the transcript of appeal.

In regard to the reason that at the time of the appeal the defendant did not give such bail as is required by the act of assembly, we are of the opinion that without question the proper procedure would be for the plaintiff to rule the appellant to perfect his recognizance.

*Order*

And now, December 30, 1931, this matter came on to be heard, and, after due consideration, the rule to strike off the appeal is discharged, and the appellant is allowed to perfect the appeal as requested.